UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORREY GRAGG, | No. C-13-80109 DMR |
| Plaintiff(s), | **ORDER DENYING MOTION TO QUASH** |
| v. | |
| ORANGE CAB INC. ET AL., | |
| Defendant(s). | |

In this putative class action, Plaintiff Torrey Gragg seeks to certify a class of individual cell phone users who received unsolicited text messages from Defendants Orange Cab Co. and/or RideCharge (dba TaxiMagic) ("Defendants"), or from an entity acting on Defendants' behalf. RideCharge assists taxi cab companies by sending dispatch updates and advertisements via text message to individuals who have called for a taxi. Plaintiff asserts that some of these text messages violated the Telephone Consumer Protection Act ("TCPA"), as well as various Washington state statutes. According to Plaintiff, RideCharge originally sent the text messages by using its own equipment and software, but at some point beginning in 2011, it began to send the text messages through the services of non-party Twilio, Inc. ("Twilio").

Plaintiff served a deposition subpoena on Twilio, seeking "a general overview relating to the means and methods relating to how Twilio, Inc. transmitted or assisted in the transmission of any text messages (whether MMS, SMS) for RideCharge or TaxiMagic from August 2011 to the

present." Twilio seeks to quash the subpoena. The parties filed a joint discovery letter On June 6, 2013 [Docket No. 8], and the court heard oral argument on June 13, 2013.

Plaintiff argues that the discovery is relevant for at least three reasons. First, in adjudicating the upcoming class certification motion, the trial court may wish to consider whether there are significant differences between the text transmission methods used before and after RideCharge began using Twilio's services. Such differences may bear upon the commonality and predominance inquiries set forth in Federal Rule of Civil Procedure 23(a)(1) and 23(b)(3). Second, if Twilio stored data about the RideCharge text message recipients, such information could aid in the identification of class members. Finally, since liability under the TCPA turns in part on whether a defendant used an Automatic Telephone Dialing System ("ATDS"), Plaintiff wishes to discover information to determine whether Defendants employed an ATDS by transmitting the text messages through Twilio. Twilio moves to quash the subpoena, arguing that it calls for irrelevant information, is unduly burdensome in that Plaintiff should be able to obtain the discovery through other sources, and seeks proprietary information.

The court finds that the discovery sought by Plaintiff is relevant. In opposing the motion for class certification, Defendants may assert that differences in the modes and methods of text message transmission weigh against commonality, as well as the predominance of common questions of law or fact. Even if Defendants do not make those arguments, the trial court may nevertheless be interested in understanding such differences, especially since the technical aspects of transmission may be important to the merits of this TCPA lawsuit. The court also finds that the discovery is not reasonably available through other sources. Twilio argues that the information Plaintiff seeks is plainly posted in publicly available webpages. Having reviewed those webpages, this court disagrees. They contain technical jargon that is not readily understood by a layperson. Twilio also asserts that Plaintiff should obtain the information from Defendants. But Twilio does not explain how Defendants would be in a position to provide reliable testimony about the inner workings of Twilio's services. As to Twilio's concerns regarding the protection of sensitive trade secrets, it is unclear whether Plaintiff will be asking for truly proprietary information. According to Plaintiff, he is seeking a "general overview" of Twilio's transmission mechanisms, such as the type of hardware

used by Twilio (for example, servers and modems), data storage issues, whether humans input any of the information, and what type of software Twilio uses. Plaintiff represented that he will not be asking questions about source code or other clearly proprietary information, and this court finds that such information would not be relevant or discoverable. Any concerns about protected trade secrets can be addressed through a protective order by which Twilio can designate information it believes to be proprietary, and the trial judge can adjudicate whether the information is entitled to protection.

Finally, to the extent that Twilio is concerned that the deposition will devolve into a "fishing expedition," the court finds that a two-hour limit will allow Plaintiff adequate opportunity to obtain the relevant information, and no more. Twilio shall submit to a two-hour deposition on the topic set forth in the Exhibit to the June 6, 2013 joint discovery letter [Docket No. 8].

IT IS SO ORDERED.

Dated: June 14, 2013

DONNA M. RYU
United States Magistrate Judge